# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 12-477V
Filed: July 29, 2016

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| K.T., a minor, by her mother and natural guardian, ALISHA DUDENHOEFFER, | * * * | **PUBLISHED** |
| Petitioners, | * * | Special Master Hamilton-Fieldman |
| v. | * * | Attorneys' Fees and Costs; Reasonable Amount Requested |
| SECRETARY OF HEALTH AND HUMAN SERVICES | * * * | to which Respondent Does Not Object, |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Clifford J. Shoemaker, Shoemaker, Gentry, & Knickelbein, Vienna, VA, for Petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On July 27, 2012, Alisha Dudenhoeffer ("Petitioner") petitioned for compensation on behalf of her daughter, K.T., under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).  Petitioner alleged that K.T. developed Myoclonic-Astatic Epilepsy ("MAE") (also known as "Doose Syndrome") as a result of the administration of the Measles-Mumps-Rubella ("MMR") vaccine.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002.  See 44 U.S.C. § 3501 (2012).  Each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

1

On July 5, 2016, Petitioner moved for interim attorneys' fees and costs. Mot. for Interim Attorneys' Fees & Costs, ECF No. 78. Petitioner requests compensation for $82,081.10 in attorneys' fees and $23,847.76 in costs. *Id.* at 1-3. In total, Petitioner requests compensation in the amount of $105,928.86 on behalf of herself and her attorney, and $1,092.32 in costs she personally expended in pursuing her claim. *Id.* at 1.

On July 27, 2016, Respondent filed a response to Petitioner's motion. Resp. to Mot. for Interim Attorneys' Fees & Costs, ECF No. 79. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. But, she asserts that "a reasonable amount for fees and costs in the present case would fall between $83,000.00 and $91,000.00," citing *Mathis v. Sec'y of HHS*, No. 09-467V, 2015 WL 558026 (Fed. Cl. Spec. Mstr. Jan. 21, 2015) and *Cosgrove v. Sec'y of HHS*, No. 10-423V, 2012 WL 599732 (Fed. Cl. Spec. Mstr. Jan. 24, 2013). *Id.* at 3.

A special master may award reasonable attorneys' fees and costs if she finds that a petitioner pursued her claim in good faith and with a reasonable basis for doing so. 42 U.S.C. § 300aa-15(e)(1) (2012). The special master calculates reasonable attorneys' fees by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of HHS*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (internal quotation marks omitted). Insofar as awarding fees on an interim basis is concerned, in *Avera*, the Federal Circuit held that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352.

Applying these standards, the undersigned finds that an award of interim attorneys' fees and costs is reasonable and appropriate in this case. Petitioner filed her claim in good faith and she had a reasonable basis for pursuing compensation under the Vaccine Act. Moreover, Petitioner's requested fees are reasonable for the forum (the Washington D.C. metropolitan area), in accordance with the methodology outlined in *McCulloch v. Sec'y of HHS*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). In addition, Respondent has given the undersigned no reason to believe that Petitioner's request is unreasonable.[2] Finally, the undersigned observes that interim fees are appropriate in this case, given the protracted and costly nature of the litigation in this case.

**Accordingly, the undersigned hereby awards the amount of $105,928.86, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Clifford J. Shoemaker, and the amount of $1,092.32, in the form of a check made payable to Petitioner.**

---

[2] While Respondent cites *Cosgrove* and *Mathis* as similar cases in which lesser amounts were awarded, the undersigned notes that both cases predate the instant case and that Respondent stipulated to the awards in each.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).