# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 12-477V

Filed: July 25, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | Special Master Sanders |
| K.T., a minor, by her mother and natural guardian, ALISHA DUDENHOEFFER, | * * * | Attorneys' Fees and Costs; Adjusted Hourly Rate. |
| Petitioner, | * * | |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES | * * * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

Clifford J. Shoemaker, Shoemaker and Associates, Vienna, VA, for Petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 27, 2012, Alisha Dudenhoeffer ("Petitioner") petitioned for compensation on behalf of her daughter, K.T., under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).[2] Petitioner alleged that K.T. developed Myoclonic-Astatic

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012)

Epilepsy ("MAE") (also known as "Doose Syndrome") as a result of the administration of the Measles-Mumps-Rubella ("MMR") vaccine.  Petition, filed July 27, 2012.  On September 8, 2016, Special Master Hamilton-Fieldman issued a decision denying compensation to Petitioner.  ECF No. 84.  Petitioner filed a Motion for Review on October 10, 2016, which was denied by Judge Campbell-Smith on April 28, 2017.  ECF Nos. 85, 92.

Petitioner filed a motion for attorneys' fees on July 12, 2017.  Petitioner requested attorneys' fees in the amount of $16,979.10.  *See* Pet'r's Mot. Att'ys' Fees ("Mot."), ECF No. 95.  Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp. at 2 (July 12, 2017), ECF No. 96.  Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs.  *Id.* at 3.  Petitioner did not file a reply thereafter.

For the reasons discussed below, the undersigned awards Petitioner $16,961.10 in attorneys' fees.

I.   **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008).  This is a two-step process.  *Id.*  First, a court determines an "initial estimate . . . by 'multiplying the numbers of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community.  *See Blum*, 465 U.S. at 895.  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id.* at 895, n.11.  The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable.  *Id.*

---

(hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

### a. Hourly Rates

Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). Pursuant to *McCulloch*, a forum attorney with more than 20 years of experience may be awarded $350 to $425 per hour. *Id.* An attorney with less than four years of experience, on the other hand, has a reasonable hourly rate between $150 and $225. *Id.*

In the instant case, the requested rates for 2016 are within the ranges provided in the 2015-16 Office of Special Masters' Attorneys' Forum Hourly Rate Fee Schedule.[3] These rates have previously been found to be reasonable and have been awarded. *See, e.g.*, *Bookey by Rosenbloom v. Sec'y of Health & Human Servs.*, No. 13-26V, 2017 WL 2544892 (Fed. Cl. Spec. Mstr. May 18, 2017); *Mikkelson v. Sec'y of Health & Human Servs.*, No. 15-867V, 2016 WL 6803786 (Fed. Cl. Spec. Mstr. Oct. 3, 2016). The undersigned finds that they are also reasonable and should be awarded in this case.

However, Mr. Shoemaker's rate for 2017 requires some adjustment. Petitioner requests that Mr. Shoemaker receive $446 an hour for work performed in 2017. Pet'r's Mot. at 3. Mr. Shoemaker has been practicing law for over 40 years and has significant experience in the Vaccine Program. However, the 2017 Office of Special Masters' Attorneys' Forum Hourly Rate Fee Schedule[4] provides that attorneys with the most experience (31+ years), may reasonably be awarded $394 - $440. I will award Mr. Shoemaker the upper limit of this range, but not beyond it. Therefore, I will set his hourly rate for work performed in 2017 at $440. The total fee reduction for Mr. Shoemaker is $18.00.

### b. Hours Expended

Petitioner requests compensation for 10.3 hours entered by Mr. Shoemaker, 28 hours by Ms. Gentry, and 2.4 hours by Ms. Knickelbein. *See generally* Pet'r's Mot. Petitioner

---

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2015-2016.pdf. The hourly rates contained in the 2015-2016 Fee Schedule are updated from the decision *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] The 2017 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The hourly rates contained in the 2017 Fee Schedule are updated from the decision *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

submitted adequate billing logs listing the date, amount of time, individual, and the nature of each task. Based on the lack of objection from Respondent and my review of Petitioner's motion, I find that the hours expended are reasonable and should be awarded in full.

## II.     Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees:

| | |
|---|---|
| Attorneys' Fees Requested | $16,979.10 |
| (Reduction to Mr. Shoemaker's Hourly Rate in 2017) | -$18.00 |
| **Total Attorneys' Fees Awarded** | **$16,961.10** |

The undersigned has reviewed Petitioner's counsel's detailed records of time and expenses incurred in this case, and they are reasonable with the above reduction. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees. **Accordingly, the undersigned hereby awards the amount of $16,961.10,[5] in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Clifford J. Shoemaker, of Shoemaker and Associates.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).